IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

WORLD DIGITAL RIGHTS, INC.,

                           Case No. 2:12-cv-00225—FtM-99SPC

       Plaintiff,

v.

JOHN DOES 1-80,

       Defendants.

_____/

## MOTION TO DISMISS/SEVER AND FOR A PROTECTIVE ORDER AND/OR TO QUASH SUBPOENA

John Doe 23 (IP Address 71.3.110.6), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 20, 26, and 45 moves to dismiss/sever for improper joinder and/or to quash the third-party subpoena or for a protective order.

## INTRODUCTION

1)      Plaintiff alleges that Defendant John Doe 23, along with over 80 other unrelated Doe defendants, infringed on Defendant's copyright through an Internet Protocol ("IP") address allegedly belonging to John Doe 23 and the various other Doe defendants.  Plaintiff's Subpoena Duces Tecum (the "Subpoena") requests that a third-party internet service provider ("ISP") disclose identifying personal information of John Doe 23, as well as the other Defendants. (*See* **Exhibit A**).  As explained below, the Court should quash the subpoena for failure to fulfill procedural requirements of the Copyright Act and/or sever and dismiss the Defendants for improper joinder.  Alternatively, the Court should quash the subpoena and/or issue a protective order precluding Plaintiff from pursuing such burdensome discovery.

2)      Cases such as this have been filed all over the country.  The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take

advantage of the threat of statutory damages to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.

3)      Plaintiff's motion to compel ISP's to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4)      A review of the case law reveals that the various plaintiffs filing similar lawsuits against thousands of defendants across the country have received many negative rulings, all within the past year.  Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent.  It should not.

5)      Accordingly, Plaintiff is not entitled to the relief sought for the following reasons:

a.      **FIRST**, Plaintiff has not fulfilled the procedural requirements of the Copyright Act.

b.      **SECOND,** the joinder of eighty Defendants in this action is improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

c.      **THIRD**, Plaintiff's effort to identify potential infringers through an IP address creates an undue burden and expense.  The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate or other person in close proximity. It does not identify a potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that seeks private information solely for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense.  Plaintiff has no intention of litigating this matter, but rather seeks to

engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with adult films.

6)      John Doe 23 requests that the Court dismiss this action for failure to assert an actionable claim for copyright infringement.  John Doe 23 requests further that the Court sever all the Doe Defendants.    In the alternative, John Doe 23 requests that the Court issue a protective order and/or quash the Subpoena.

## ARGUMENT

### I.      Plaintiff Cannot Enforce the Copyright at Issue

The Eleventh Circuit requires copyright plaintiffs to obtain formal registration of their copyright before filing suit.  Thus, because Plaintiff failed to allege that it has obtained copyright registration, this case must be dismissed.[1]  Compl. ¶ 13-14 (alleging only an application, not a registration, of the copyright).   "When a statute explicitly bars bringing suit unless certain conditions are met, those conditions are mandatory preconditions to bringing suit."  *Marc Anthony Builders, Inc. v. Javic Properties*, LLC, 8:11-CV-00432-EAK, 2011 WL 2709882 at *2 (M.D. Fla. July 12, 2011).   "Because the Copyright Act expressly prohibits bringing an infringement action without first obtaining registration, it is a mandatory precondition, and this action should be dismissed if it is not met."  *Id.*  "The Eleventh Circuit follows the so-called 'registration interpretation' of the registration requirement.  The registration approach requires a copyright holder to obtain a certificate of registration from the Copyright Office before bringing suit."  *Id*. at *3 (citing *MGB Homes, Inc. v. Ameron Homes, Inc*., 903 F.2d 1486, 1488-89 (11th Cir.1990)).  Thus, in order to file a copyright action within the Eleventh Circuit, "a plaintiff must obtain a certificate of registration or a denial before bringing suit."  *Id.*

---

[1] The Plaintiff is a not the original holder of the copyright.  The original copyright holder is apparently a legal entity formed under the laws of Germany.  Plaintiff, who is a limited liability company existing under the laws of Panama, claims to be the "exclusive licensee" of the original copyright owner.  A copy of the licensing agreement was not attached to the Complaint.

This case is identical to the situation faced by the Middle District in *Marc Anthony Builders*. Here, as there, "[t]he plaintiff in this case has merely submitted an application." *Id.* Thus, "[w]hile this would be sufficient under the application approach, under the registration approach [a plaintiff] must have obtained a certificate of registration." *Id.* "[A]s such, [Plaintiff's] claim must be dismissed . . . ." Id.; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1367 (S.D. Fla. 2011) (holding that the plaintiff was required to register before filing suit and explaining that, "registration is still required for foreign authors to gain the procedural benefits of a prima facie presumption of the validity of a copyright, statutory damages, and attorney's fees under the Act" (citing 17 U.S.C. § 412)).

## II.   Plaintiff's Joinder of 80 Unrelated Defendants in this Action is Improper

In its Complaint, Plaintiff improperly joined as Defendants 80 unrelated individuals. This strategy is consistent with factually similar cases filed all over the country attempting to join hundreds if not thousands of unrelated defendants in alleged copyright infringement actions. In many of those cases, and in most of the recent decisions touching this topic, the pertinent courts determined that joinder was improper and severed and dismissed all but the first defendant.[2]  It is clear that Plaintiff is now hoping to get a contrary ruling in this Court.

---

[2] *See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, \*9 (E.D.N.Y May 1, 2012); Hard Drive Productions, Inc. v. Does 1-90,* Case5:11-cv-03825-HRL, D.E. 18, *Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90* (N.D. Cal. March 30, 2012) (severing defendants and denying discovery) (attached hereto as **Exhibit B**); *Patrick Collins, Inc. v. John Does 1-23,* 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 126333, \*7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte); Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte); Patrick Collins, Inc. v. John Does 1-23,* 2012 WL 1019034 (E.D. Mich. Mar. 26, 2012) (severing defendants and denying discovery); *AF Holdings, LLC v. Does 1-97,* No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); *Hard Drive Productions, Inc. v. John Does 1-30,* No 2:11ev345, 2011 U.S. Dist. LEXIS, at \*6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); *BMG Music v. Does 1-203,* No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38,* No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.

However, there is no basis for this approach.  A favorable ruling to the Plaintiff will almost certainly result in an additional avalanche of filings in this District naming thousands of defendants in actions initiated by every lawyer representing purported copyright holders who seeks to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance."  *AF Holidngs, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011).  Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

### a.  Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless.  In fact, nothing in the BitTorrent Protocol creates a relationship amongst the Defendants.  As one court concluded recently in an identical case:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by an of the Does 1-188. … The bare fact that a Doe clicked on a command to participate in the Bit Torrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court *sua sponte* severed defendants).

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at \*38-39 (N.D. Cal. Aug. 23, 2011); *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, \*11 ("'[I]nteractions' between defendants, is a page of machine instructions which clearly demonstrate that the user plays no role in these interactions"); *Hard Drive Prods., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1163 (N.D.Cal.2011) ("The bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."); On the Cheap, LLC v. Does 1-5011, 2011 U.S. Dist. LEXIS 99831, at \*10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principles of fundamental fairness" and be prejudicial to the defendants).

Plaintiff attempts to create the illusion that Defendants made a concerted effort.  This representation is misleading.  While Plaintiff alleges that Defendants were part of the same swarm, Plaintiff does not specifically allege that the Defendants shared pieces of the file with each other.  *See, e.g., MCGIP, LLC v. Does 1-149*, 2011 U.S. Dist. LEXIS 108109, at \*7 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that and of the defendants actually exchanged any piece of the seed file with another); *Boy Racer v. Does 2-52*, 2011, U.S. Dist. LEXIS 86746, at \*4 (N.D. Cal. Aug. 5, 2011) (finding misjoinder where the plaintiff did not plead facts showing any particular defendant illegally shared the plaintiff's work with any other particular defendant).  Rather, Plaintiff expressly states that "each Defendant participated in a swarm by directly interacting and communicating with other members of the swarm through digital handshakes … ."  (Compl. ¶ 33).  Thus, Plaintiff does not allege that any one Defendant shared a piece of a file with another Defendant.  This omission is highlighted by the fact that Defendants' alleged downloads occurred over a span of nearly a month.  *See Raw Films, Ltd. v. Does 1–32*, 2011 WL 6840590, at \*2 (N.D. Ga. Dec. 29, 2011) (stating that the

"differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert").  This clear lack of concerted effort on the part of the Defendants is dispositive of Plaintiff's joinder argument.

### b.  Joinder Undermines Judicial Economy

Joinder is also improper because it would cause severe practical problems. As one court discussed, due the fact that an IP address attaches to a network, not a person, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves.  *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate…"). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."); *accord In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *12 ("The individualized determinations required far outweigh the common questions in terms of discovery, evidence, and effort required. Thus, swarm joinder complicates these actions, resulting in waste of judicial resources.").

Allowing joinder in this case would involve large numbers of defendants, each potentially proceeding with counsel or pro se, and an ISP that may also participate in this case. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).

III.   **The Court Must Issue a Protective Order and/or Quash the Subpoena**

a.   **The Court Has the Authority to Control Discovery**

As a threshold matter, the Court has broad discretion under Rule 26 to supervise, compel, and deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *see also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Further, Rule 26(c) gives the district court discretionary power to fashion an appropriate protective order.  *Farnsworth*, 758 F.2d at 1548.

Courts addressing the interplay of Rule 45 and Rule 26(c) have repeatedly confirmed the overarching authority provided in Rule 26(c) to supervise the discovery process in a case to be tried before the Court. *See, e.g., Straily v. UBS Financial Servs., Inc.,* 2008 WL 5378148 (D. Colo. Dec. 23, 2008) (issuing protective order to prevent compliance with subpoena issued from the S.D.N.Y.); *Best Western Intern., Inc. v. Doe,* 2006 WL 2091695 at *2 (D. Ariz. July 25, 2006) (denying request for expedited discovery to determine the Doe's identities). In Best Western, the court stated:

> Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery." *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001). General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued. Courts have also recognized that a party's "'discovery rights [in other districts] can rise no higher than their level in the district of trial.'" *Id.* (quoting *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990)).

*Id*. The subpoenas at issue in this case only exist because this Court authorized early discovery pursuant to Rule 26.  Thus, the Court has the discretion to modify the discovery granted to protect the Doe Defendants.

### b. The Subpoena Must Be Quashed

As explained above, an IP address, at best, can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765, *9 (E.D.N.Y) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function – here the purported illegal downloading of a single pornographic film – than to say an individual who pays the telephone bill made a specific telephone call."). "[A]lthough the complaints state that IP addresses are assigned to 'devices' and thus by discovering the individual associated with that IP address will reveal 'defendants' true identity,' this is unlikely to be the case. Most, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper." *Id.* at *8. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena.

Indeed, a plaintiff's inaccurate portrayal of the facts required to identify infingers was exposed in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the subscriber, this does not tell
> Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff
> will name as the Defendant in this case. It could be the Subscriber, or another

member of his household, or any number of other individuals who had direct
access to Subscribers network.'

As a result,

'Plaintiff plans to request a limited inspection of Subscriber's electronically stored
information and tangible things, such as Subscriber's computer and the computers
of those sharing his Internet network, for the purpose of finding the individual that
unlawfully violated Plaintiff's copyrighted works by uploading/downloading the
file referenced BitTorrent, or to see whether such information has since been
erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop,

smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor,

houseguest or other sharing his internet access, would be fair game") (internal quotation marks

and citations omitted).   Thus, granting Plaintiff the form of relief that it seeks would

impermissibly create an undue burden by allowing Plaintiff to subpoena ISP's to obtain the

detailed personal information of unknown numbers of innocent individuals that Plaintiff could

never make party to this suit and subject them to onerous, invasive discovery and/or unfair

settlement tactics.   *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist.

LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

Courts addressing these mass copyright infringement cases have also expressed concern

about abusive settlement tactics.   In re *BitTorrent Adult Film Copyright Infringement Cases*,

2012 WL 1570765, *9 ("The most persuasive argument against permitting plaintiffs to proceed

with early discovery arises from the clear indicia, both in this case and in related matters, that

plaintiffs have employed abusive litigation tactics to extract settlements from John Doe

defendants."); *Pac. Century Int'l, Ltd. v. Doe*, 2011, U.S. Dist. LEXIS 124518, at *9 (N.D. Cal.

Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS

99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics

result in the defendants being left with a "decision to either accept plaintiff's demand or incur

significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'").  The court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'"  *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11.

## CONCLUSION

Defendant John Doe 23 requests that the Court dismiss this action for failure to obtain a registered copyright and, alternatively, sever and dismiss all Defendants. Defendant John Doe 23 further requests that the Court issue a protective order and/or quash the Subpoena and grant any further relief that it deems appropriate.

Respectfully submitted,

LALCHANDANI SIMON PL

By: /s/ Daniel J. Simon
Danny Simon
Florida Bar No.:  0016244
danny@lslawpl.com
Kubs Lalchandani
Florida Bar No.:  0063966
kubs@lslawpl.com
25 SE 2nd Ave, Suite 1050
Miami, Florida 33131
Tel:    (305) 999-5291
Fax:    (305) 671-9282
*Attorneys for John Doe 23*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that the undersigned counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised, but that opposing counsel did not agree to the relief sought.

By: /s/ Daniel J. Simon
Danny Simon, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing as of June 22, 2012.

By: /s/ Daniel J. Simon
Danny Simon, Esq.