**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

**WORLD DIGITAL RIGHTS, INC.,**

    **Plaintiff,**

V.                                                 **Case No:  2:12-CV-225-FtM-UASPC**

**JOHN DOES 1-80, JOHN DOE 23 and
JOHN DOE 12,**

    **Defendants.**

_____/

## ORDER

This matter comes before the Court on the Defendant, John Doe Number 12's Motion to Seal Exhibit B (Doc. #18) filed on July 5, 2012.

The Local Rules state in pertinent part:

> [u]nless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the word's " Motion to Seal" and which includes (i) an identification and description of each proposed for sealing; (ii) the reason that filing  each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.  The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

M.D. Fla. Local Rule 1.09(a).

In order to seal a document, the court must balance the competing interests of trade secret protection and the public's right of access to documents. See <u>Chicago Tribune Co. v. Bridgestone/Firestone, Inc.</u>, 263 F.3d 1304, 1311 (11th Cir. 2001); <u>Federal Trade Commission v. Alcoholism Cure Corp.</u>, 2010 WL 4840046 (M.D. Fla. 2010); <u>Jadael, Inc. v. Elliott</u>, 2006 WL 2830872 (M.D. Fla. 2006). In balancing a party's interest in keeping the information confidential against the public interest in accessing court documents, courts consider the following factors:

> (a) whether allowing access would impair court functions or harm legitimate privacy interests;
> (b) the degree and likelihood of injury if made public;
> (c) the reliability of the information;
> (d) whether there will be an opportunity to respond to the information;
> (e) whether the information concerns public officials or public concerns; and
> (f) the availability of a less onerous alternative to sealing the documents.

<u>Federal Trade Commission</u>, 2010 WL 4840046 at *3.

In his Motion to Quash the Subpoena issued upon the Non-Party Cox Cable, the Defendant inadvertently filed a confidential name and address with Exhibit B attached to the Motion. The Defendant John Doe Number 12 now moves the Court to seal the information found in Exhibit B and replace it with the redacted version attached as Exhibit B to the instant Motion.

In this instance, the information requested to be sealed is the information that is the subject of the Plaintiff's subpoena and the Motion to Quash. Since the information was inadvertently filed with the Motion to Quash, the Court finds good cause to seal or remove the information from the Court's public docket information and replace it with the redacted version.

Accordingly, it is now

**ORDERED:**

The Defendant John Doe Number 12's Motion to Seal Exhibit B (Doc. #18) is **GRANTED** to the extent that the information will be removed from the Court's docket sheet.

1. The Clerk of the Court is hereby directed to remove Exhibit B attached to (Doc. # 18) and return it to the Defendant John Doe Number 12's attorney Debra D. Faulk, GrayRobinson, P.A. 201 N. Franklin St., Suite 2200, Tampa, Florida 33602.

2. The Clerk is further directed to file Exhibit B attached to the instant Motion to Seal with the Court as Exhibit B to the Motion Quash (Doc. # 18).

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of July, 2012.



SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record